**Lance Conway WOOD, Petitioner–Appellant,**

**v.**

**State of UTAH, Respondent–Appellee.**

**No. 00–4106.**

United States Court of Appeals,
Tenth Circuit.

March 22, 2001.

Before HENRY, BRISCOE, and MURPHY, Circuit Judges.

ORDER AND JUDGMENT *

MURPHY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a)(2); 10th Cir.R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner seeks to appeal the district court's denial of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. To do so, he must obtain a certificate of appealability from this court. 28 U.S.C. § 2253(c)(1)(A). We will issue a certificate of appealability only if petitioner "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2).

In his *pro se* brief on appeal, petitioner complains of ineffective assistance of trial and appellate counsel. He also raises an "obstruction of justice" issue, alleging that actions or inactions by the parole department were the cause of his involvement in the crimes for which he was convicted. Even allowing for liberal construction, pe-

titioner did not present these issues to the district court, and we will not consider them for the first time on appeal. *See Rhine v. Boone,* 182 F.3d 1153, 1154 (10th Cir.1999), *cert. denied,* 528 U.S. 1084, 120 S.Ct. 808, 145 L.Ed.2d 681 (2000). Because he has not properly preserved any claims for appellate review, petitioner cannot make a substantial showing of the denial of a constitutional right. We therefore DENY the application for a certificate of appealability and DISMISS the appeal.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of

orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.